NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

ZADOK ELI, et al., *Plaintiffs/Appellants*,

*v.*

PROCACCIANTI AZ II LP, et al., *Defendants/Appellees*.

No. 1 CA-CV 19-0855
FILED 7-22-2021

Appeal from the Superior Court in Maricopa County
Nos. CV2012-000363, CV2012-051066 (Consolidated)
Nos. CV2014-054346, CV2015-053091, CV2016-050379
The Honorable Theodore Campagnolo, Judge

**DISMISSED IN PART; AFFIRMED IN PART**

COUNSEL

Zadok Eli, Hana Eli, Scottsdale
*Plaintiffs/Appellants*

Colleen London, R.L. Whitmer, Scottsdale
*Plaintiffs/Appellants*

Spencer Fane LLP, Phoenix
By Andrew M. Federhar, Jessica Anne Gale
*Counsel for Defendant/Appellee Procaccianti AZ II LP*

Hill Hall & DeCiancio PLC, Phoenix
By R. Corey Hill, Ginette M. Hill, Christopher Robbins
*Counsel for Defendant/Appellee Hilton Casitas Council of Homeowners*

---

**MEMORANDUM DECISION**

Chief Judge Kent E. Cattani delivered the decision of the Court, in which Judge Samuel A. Thumma and Judge Peter B. Swann joined.

---

**C A T T A N I**, Chief Judge:

¶1   This consolidated case involves claims by Zadok and Hana Eli, along with R.L. Whitmer and Colleen London (collectively, "Homeowners"), against a homeowner's association ("HOA") and a Scottsdale Hilton Hotel (the "Hotel"). Re-urging claims that have previously been rejected in related appeals, Homeowners allege that the HOA is an unincorporated entity and was not entitled to raise the rents on land owned by the Hotel and on which Homeowners' condominiums were built. For reasons that follow, we affirm the superior court's denial of Homeowners' motion for relief from judgment.

**FACTS AND PROCEDURAL BACKGROUND**

¶2   In 1970, the Hotel signed a long-term land lease for a 20-acre parcel of land in Scottsdale. The Hotel reserved 12 acres for a resort and dedicated the remaining 8 acres to the 29-unit Casitas condominium complex. Under the sublease agreement, the condo owners (including Homeowners) were required to make payments toward their individual share of the land lease to the Hotel and the HOA. In 1970, the HOA was an unincorporated association named the Hilton Casitas Council of Homeowners. In 1994, however, the HOA became a non-profit corporation named Hilton Casitas Council of Co-Owners.

¶3   In 1999, the Hotel and HOA (collectively, "Defendants") amended the sublease. After those amendments, Homeowners brought numerous lawsuits against either the Hotel, Procaccianti AZ II, L.P. (the Hotel's successor-in-interest), or the HOA. *See, e.g.*, *Shaffer v. Procaccianti AZ II, L.P.*, 1 CA-CV 16-0628, 1 CA-CV 16-0629, 1 CA-CV 16-0654 (consolidated), 2018 WL 2306949 (Ariz. App. May 22, 2018) (mem. decision). In these lawsuits, Homeowners primarily argued that only the original, unincorporated HOA could amend the sublease, so any actions taken by the successor non-profit HOA were invalid—an argument that was rejected in each case. *See id.* at *5–6, ¶¶ 23–24. The superior court entered judgment

for the Defendants and awarded the Hotel attorney's fees of $459,000. *Id.* at *3, ¶ 9.

¶4 Homeowners moved for relief from judgment under Arizona Rule of Civil Procedure ("Rule") 60 three times. The first two motions cited fraud on the court under current Rule 60(b)(3) and argued that the HOA and its attorneys defrauded the court regarding the HOA's true legal status, and that the Hotel falsely concealed the identity of the HOA's recordkeeper. Homeowners again argued that the HOA remained an unincorporated entity. The court denied both motions.

¶5 In their third motion for relief from judgment, Homeowners again asserted fraud on the court under Rule 60(b)(3) regarding the HOA's legal status. This motion, however, also included a short Rule 60(b)(6) ("any other reason justifying relief") argument. Homeowners supported their motion with two new affidavits they claimed provided "uncontroverted" evidence rebutting the HOA's legal status as a non-profit corporation. Both affidavits focused on alleged admissions made by an HOA board member during a settlement meeting in a tangentially related case, *Whitmer v. Hilton Casitas Homeowners Ass'n*, 245 Ariz. 77 (App. 2018). Homeowners' stated basis for extraordinary relief under Rule 60(b)(6) was harm to "the marketability of the casitas and their ability to be financed."

¶6 After briefing and argument, the superior court denied Homeowners' third Rule 60 motion in a minute entry primarily addressing the unsubstantiated fraud allegations. The court concluded that the HOA's legal status had been litigated many times, that Homeowners' arguments were circular, and that their Rule 60 motion was filed without substantial justification and for purposes of delay. The court entered a revised judgment including an attorney's fees award under A.R.S. § 12-349. Homeowners timely appealed, and we have jurisdiction under A.R.S. § 12-2101(A)(2).

## DISCUSSION

### I. Rule 60 Relief.

¶7 Homeowners' opening brief raises seven issues, all of which challenge the superior court's denial of their Rule 60(b)(6) motion. Homeowners' only substantive contention, however, is that they were entitled to relief based on their "uncontroverted and undisputed sworn declarations" challenging the HOA's legal status.

**¶8**        The court may grant relief from a final judgment under Rule 60(b)(6) for "any other reason justifying relief" if a party can show extraordinary hardship or injustice for a reason other than the five specified in Rule 60(b)(1)–(5). *Hilgeman v. Am. Mortg. Sec., Inc.*, 196 Ariz. 215, 220, ¶ 15 (App. 2000). To prevail under Rule 60(b)(6), a party must also show "substantial prejudice." *See Copeland v. Ariz. Veterans Mem'l Coliseum & Exposition Ctr.*, 176 Ariz. 86, 89 (App. 1993). We review the superior court's decision to deny Homeowners' Rule 60(b)(6) motion for an abuse of discretion and review the court's interpretation of procedural rules de novo. *See Gonzalez v. Nguyen*, 243 Ariz. 531, 533, ¶ 8 (2018). We do not reweigh evidence on appeal. *See Godwin v. Farmers Ins. Co. of Am.*, 129 Ariz. 416, 419 (App. 1981).

**¶9**        Here, Homeowners did not satisfy their burden of establishing grounds for relief under Rule 60(b)(6). The superior court correctly determined that Homeowners' affidavits did not overcome the preclusive effect of our prior decisions. Further, preclusion notwithstanding, the superior court did not abuse its discretion by determining that Homeowners filed the Rule 60 motion without substantial justification and for the purpose of delay. Although Homeowners' motion initially relied on deposition testimony by a board member in separate proceedings, they now rely solely on their *own* declarations to assert that Procaccianti and the HOA committed fraud on the court by misrepresenting that the HOA was incorporated. Homeowners assert that an HOA board member made "admissions" during a settlement conference that the HOA was not incorporated, but Homeowners acknowledge that the board member ultimately disavowed that assessment.

**¶10**       Homeowners view the HOA's legal status as an issue of fact subject to redetermination. At this point, however, the HOA's status has been decided in prior appeals in several underlying cases in which the mandate has issued. *See, e.g.*, *Shaffer*, 1 CA-CV 16-0628, at *5–6, ¶¶ 23–24; *London v. Karatz,* 1 CA-CV 15-0070, 2016 WL 5746236, at *4, ¶ 17 (Ariz. App. Oct. 4, 2016) (mem. decision). As this court has previously stated, "the question of the HOA's status, and its authority to act on behalf of the casita owners, has already been litigated and decided numerous times." *Shaffer*, 1 CA-CV 16-0628, at *6, ¶ 24. Thus, this issue is precluded, and we decline to further address it. *See Campbell v. SZL Props., Ltd.*, 204 Ariz. 221, 223, ¶ 9 (App. 2003) (noting that issue preclusion binds a party to a previously rendered decision).

## II.    Motion to Dismiss Appeal.

¶11    The HOA filed a motion to dismiss the appeal of CV2012-015066, arguing that the aggrieved party in that case (Diana Shaffer) never filed a notice of appeal.  Homeowners oppose, contesting that they were aggrieved, and that the cases were consolidated, so the CV2012-051066 judgement was against them as well.  But consolidation of cases does not merge them into a single case, *Brummond v. Lucio*, 243 Ariz. 360, 365, ¶ 20 (App. 2017), and the Homeowners were not the parties aggrieved by the judgment *against Shaffer* in CV2012-051066.  *See* ARCAP 1(d) (noting that the "aggrieved" party may appeal the judgment); *In re Estate of Friedman*, 217 Ariz. 548, 551, ¶ 9 (App. 2008) ("An appeal may *only* be taken by a party aggrieved by the judgment.") (emphasis added).  Therefore, because Homeowners were not aggrieved by the judgment in CV2012-051066, and because Shaffer did not pursue appellate relief, we grant the motion to dismiss the appeal of CV2012-051066.

## III.    Attorney's Fees on Appeal.

¶12    Defendants seek attorney's fees on appeal under A.R.S. § 12-341.01 as well as attorney's fees and sanctions under A.R.S. § 12-349.  Under A.R.S. § 12-349, an award of fees is mandatory and double damages are discretionary against any party that brings a claim without substantial justification or that brings a claim for purposes of delay.  A.R.S. § 12-349(A)(1)–(2).  For these purposes, "'without substantial justification' means that the claim . . . is groundless and is not made in good faith."  A.R.S. § 12-349(F).

¶13    After considering Homeowners' arguments, the superior court awarded Defendants attorney's fees under A.R.S. § 12-349.  Defendants assert Homeowners continue to misstate evidence, are motivated by personal animus, have violated the Rules of Evidence, and continue to bring meritless appeals on issues long ago decided.  We agree.

¶14    This is Homeowners' third unsuccessful attempt to evade judgment.  They continue to make unsubstantiated allegations that fraud by the parties or their counsel led to the court's decisions.  Defendants have met their burden to show by a preponderance of the evidence violations of A.R.S. § 12-349(A).  *See In re Estate of Stephenson*, 217 Ariz. 284, 289, ¶ 28 (App. 2007).  Accordingly, we award Defendants their attorney's fees pursuant to both A.R.S. § 12-341.01 and A.R.S. §§ 12-349(A), -350 and their costs pursuant to A.R.S. § 12-342 upon compliance with ARCAP 21.

## CONCLUSION

¶15      We affirm the superior court's ruling.



AMY M. WOOD • Clerk of the Court
FILED:   AA